E-Filed 1/19/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN FURTADO,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br><br>    Defendant. | Case No. 13-cv-04063-HRL<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 29, 30, 32 |

Plaintiff Kathleen Furtado ("Furtado") appealed to this court from the Social Security Administration's denial of her application for social security disability benefits under Title II of the Social Security Act. Furtado and Defendant Carolyn Colvin ("Colvin"), Acting Commissioner of the SSA, each moved for summary judgment. The court granted Furtado's motion, denied Colvin's motion, and entered a judgment of remand to the administrative law judge for an immediate award of disability benefits to Furtado. Dkt. Nos. 24, 25. Colvin timely moved the court to alter its judgment under Federal Rule of Civil Procedure 59(e); Colvin does not contest the court's decision to remand this case, but argues the remand should not include instructions to award benefits to Furtado. Dkt. No. 26 at 2. Furtado moved the court for an award of attorney fees under the Equal Access to Justice Act ("EAJA") and noticed a hearing for January 26, 2016 at 10:00 a.m. Dkt. No. 29. Colvin moved the court to strike Furtado's attorney-fees motion as premature or, in the alternative, to hold the motion in abeyance until that motion "is timely under the EAJA." Dkt. No. 30. Furtado filed an administrative motion to appear by telephone at the hearing on the attorney-fees motion. Dkt. No. 32. The court does not rule on Colvin's 59(e) motion at this time, but the court does address the other pending motions.

**Discussion**

Colvin argues an attorney-fees motion is premature under the EAJA and the Federal Rules

of Appellate Procedure if that motion is filed while an agency defendant's 59(e) motion is pending. Dkt. No. 30 at 1-3. Colvin relies upon three cases to support her interpretation of the operative law: (1) *Melkonyan v. Sullivan*, 501 U.S. 89 (1991); (2) *Shalala v. Schaefer*, 509 U.S. 292 (1993); and (3) *Lolli v. County of Orange*, 351 F.3d 410 (9th Cir. 2003). Furtado argues that she is a prevailing party entitled to attorney fees as soon as the court issued a favorable judgment and, notwithstanding Colvin's pending 59(e) motion, the court should therefore award fees to Furtado and deny Colvin's motion to strike. Dkt. No. 31 at 2-3; Dkt. No. 33 at 2. Furtado primarily relies on *Dickey v. Colvin*, a case in which this court denied a motion to strike under similar circumstances. No. 14-cv-629-WHO, 2015 WL 575986 (N.D. Cal. Feb. 10, 2015).

The court disagrees with the reasoning of each party. The dispute turns on whether the time limit in the EAJA—the motion for attorney fees shall be filed "within thirty days of final judgment in the action"—sets only a statute of limitations against late filing or else also prohibits early filing. 28 U.S.C. 2412(d)(1)(B). Colvin relies on cases which involve similar issues, but which do not answer that key question. The Ninth Circuit provided an answer, however, in *Auke Bay Concerned Citizen's Advisory Council v. Marsh*: an attorney-fees motion filed several months prior to the "final judgment in the action" is still timely when "(1) the applicant file[s] no more than 30 days after final judgment, and (2) the applicant [is] able to show that he or she [is] a prevailing party . . . eligible to receive an award under [28 U.S.C. § 2412(d)(1)(B)]." 779 F.2d 1391, 1393 (1986) (internal quotation marks omitted). This district recently interpreted the holding of *Auke Bay* to mean that a motion for attorney fees under the EAJA is timely if it was filed while an agency defendant's 59(e) motion was pending. *See Dickey*, 2015 WL 575986 at 3. The undersigned agrees with that interpretation of the *Auke Bay* standard—the first prong sets a statute of limitations on filing the motion and the second prong requires that the movant eventually, in fact, prevails with a final judgment. The Ninth Circuit has likewise explained that "the spirit" of the *Auke Bay* decision and the congressional intent behind the re-enactment of the EAJA in 1985 do not support an "overly technical" approach to the question of timeliness. *Papazian v. Bowen*, 856 F.2d 1455, 1456 (1988) (discussing *Auke Bay*, 779 F.2d at 1393).

The Ninth Circuit has also held, however, that a pending "request for fees . . . is generally

premature" when the action is subsequently remanded for further proceedings that shall "determine a significant part of the case." *Skip Kirchdorfer, Inc. v. U.S.* 803 F.2d 711, 712 (1986). If the court grants Colvin's request for further proceedings on remand that will not necessarily result in an award of benefits, then those proceedings will determine a significant issue—whether to award benefits—and Furtado's pending attorney-fees motion will become premature. Conversely, if the court denies Colvin's 59(e) motion and Colvin does not appeal this case to the Ninth Circuit, then it will be proper for the court to rule on the merits of the attorney-fees motion; that is precisely what happened in *Dickey v. Colvin*. No. 14-cv-629-WHO, Dkt. Nos. 35, 38. The court concludes that the attorney-fees motion is not ripe and therefore grants Colvin's alternative request to hold the attorney-fees motion in abeyance.

## Conclusion

The motion to strike is partially granted—the court does not strike the motion for attorney fees, but that motion shall be held in abeyance. The hearing on the motion for attorney fees is vacated and the motion for leave to appear by telephone at that hearing is denied as moot.

**IT IS SO ORDERED.**

Dated: 1/19/16

HOWARD R. LLOYD
United States Magistrate Judge