UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KATHLEEN FURTADO, | Case No.13-cv-04063-HRL |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT** |
| v. | |
| CAROLYN W. COLVIN, | **INTERIM ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES** |
| Defendant. | Re: Dkt. Nos. 26, 29 |

Defendant Commissioner of the Social Security Administration ("Commissioner") moves pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend this court's judgment remanding claimant Kathleen Furtado's ("Claimant") case for payment of benefits. The Commissioner argues that the court erred in its application of the credit-as-true doctrine and in its determinations that the ALJ erred. After completing a second review of the record, the court concludes that remand for payment of benefits is the appropriate remedy and denies the Commissioner's motion.

## DISCUSSION

The Commissioner asserts that the court made various errors in its order granting Claimant's motion for summary judgment and denying the Commissioner's cross-motion. Principally, the Commissioner argues that the court incorrectly applied the Ninth Circuit's credit-as-true doctrine in light of several recent cases, including *Treichler v. Colvin*, 775 F.3d 1090 (9th Cir. 2014). Under *Treichler*, the Commissioner states, the court should not have credited the claimant's testimony as true until after it evaluated whether the record as a whole raised "crucial questions" or created "serious doubt" as to whether Claimant was disabled. The Commissioner further argues that the court committed legal error by determining that the ALJ improperly

rejected the treating physician's opinion. Finally, the Commissioner suggests that the court incorrectly determined that the ALJ erred in finding Claimant's testimony to be not credible.

In response, Claimant challenged the propriety of the Commissioner's motion under the civil local rules—because the Commissioner did not notice a hearing under Civil Local Rule 7-2—and under Federal Rule of Civil Procedure 59(e). Claimant asserts that the Commissioner, who does not challenge the court's decision to remand, but only the decision to remand with instructions to pay benefits, did not allege legal error. Claimant also disagreed with the Commissioner's interpretation of *Treichler* and its effect on the credit-as-true doctrine.

**1. Civil Local Rules 7-2 and 16-5 and Federal Rule of Procedure 59(e).**

The court first addresses Claimant's procedural arguments. Procedures applicable to reviews of administrative decisions are dictated by Civil Local Rule 16-5, which allows for decisions without oral argument. Civil Local Rule 16-5 is expressly adopted by the procedural order in this case. Dkt. No. 5. Civil Local Rule 7-2 is therefore not a valid grounds for denying the Commissioner's motion as procedurally improper.

The Commissioner's motion is also properly brought pursuant to Rule 59(e). There are four grounds upon which a Rule 59(e) motion may be granted: "1) the motion is 'necessary to correct manifest errors of law or fact upon which the judgment is based;' 2) the moving party presents 'newly discovered or previously unavailable evidence,' 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law.'" *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Contrary to Claimant's characterization, the Commissioner's motion asserts that the court erred in applying the credit-as-true doctrine and in determining that the ALJ erred by discrediting the treating physician's opinion. These errors, Commissioner asserts, meant that the court's decision to remand for payment of benefits was also legal error. The Commissioner's motion properly asserts that the first of the four grounds for relief under Rule 59(e) applies,[1] and so the court will proceed with an

---

[1] The Commissioner also asserts in conclusory fashion that amendment of the judgment is necessary to prevent manifest injustice; but as her motion does not provide any support or argumentation related to manifest injustice, the court is not persuaded that amendment is necessary on this basis.

2

analysis of whether Commissioner's claims of legal error have merit.[2]

## 2. Commissioner's Claims of Legal Error.

Under the Ninth Circuit's credit-as-true doctrine, "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Even when these three elements are satisfied, courts must remand cases for further proceedings when "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 750 F.3d 995, 1020 (9th Cir. 2014). In *Treichler v. Colvin*, the Ninth Circuit clarified that, in the second step, the court assesses "whether there are outstanding issues requiring resolution *before*" crediting the claimant's testimony as true. 775 F.3d 1090, 1105-06 (9th Cir. 2014). The court explained that an ALJ's legal error, in and of itself, does not require a court to accept the claimant's testimony as true. *Id.* at 1106. Rather, "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id.* at 1101.

In evaluating whether the order on the cross-motions for summary judgment contained legal errors, the undersigned reviewed his prior order and the entire administrative record in this case.

The court again determines that the ALJ erred by failing to provide specific, clear, and convincing reasons for his adverse credibility finding. *See Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (describing the standard applicable to ALJ credibility determinations).

The Commissioner argues that the ALJ provided two valid reasons supporting his adverse credibility finding. Neither reason is convincing. First, the Commissioner argues that the ALJ

---

[2] Claimant also asserts that the Commissioner's motion merely rehashes arguments that the court has already decided. Though the Commissioner does renew some attacks from a prior motion, these arguments are in service of the Commissioner's challenge to the court's application of the credit-as-true doctrine.

3

noted that he found Claimant not credible because she was laid off from her last job. Claimant testified, however, that she was already experiencing difficulties and pain in her work toward the end of her employment, and that her termination was "a relief" because her work "was getting very hard." AR 78-80. Absent other evidence casting the circumstances surrounding her departure from employment in doubt, the mere fact that a claimant was laid off before her disability affirmatively prevented her from working is not a convincing reason to discredit her testimony.[3] The timing of her termination also lessens its potential adverse effect on the credibility of her testimony. Claimant was laid off in 2005, but her last insured date was not until 2009. Her treating physician's functional report states that her condition "existed and persisted with the restrictions" he described "at least since" 2006—that is, after her termination date. AR 490. And her testimony responded to questions about her symptoms as she specifically experienced them "in 2009." AR 87, 89, 90, 93. In light of these facts, Claimant's termination is not a convincing reason for an adverse credibility finding.

Second, the Commissioner argues that the ALJ found Claimant's testimony not credible because he found it inconsistent with her reported activity level. The Commissioner further objected to the court's characterization of Claimant's activity level as "low." But the court, having reviewed the record with particular attention to the documents cited by the Commissioner, again determines that the ALJ erred by mischaracterizing Claimant's testimony. An ALJ errs when he or she mischaracterizes a claimant's testimony by ignoring reports that daily activities are conducted with assistance, with great pain, or with limitation-related disruptions. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (ALJ erred by mischaracterizing testimony stating that the claimant's

---

[3] The cases the Commissioner cites for the opposite proposition are not persuasive. In *Bruton v. Massanari*, the ALJ found the claimant not credible because the claimant, in addition to being laid off, waited nine months after his termination to seek medical attention and "failed to seek treatment despite his complaints of severe pain." 268 F.3d 824, 828 (9th Cir. 2013). In the present case, Claimant reports that her first medical visit related to the physical and mental conditions affecting her ability to work was in 1995, AR 133, and that she was first prescribed medication related to her conditions as early as 2004, AR 182. In *Thomas v. Barnhart*, the ALJ deemed the claimant not credible because she "had 'an extremely poor work history' and 'has shown little propensity to work in her lifetime,'" and because she had inconsistent testimony about the frequency of her alcohol and drug use. 278 F.3d 948, 959 (9th Cir. 2002). Here, claimant testified that she was laid off because "business was slow" and that she has "always had outstanding reviews." AR 78, 80.

4

daily activities were performed with assistance and were regularly disrupted by pain); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (ALJ erred by failing to note that the claimant's daily activities were "quite limited and carried out with difficulty"); *Rawa v. Colvin*, No. 14-17154, 2016 WL 7107990, at *1 (9th Cir. Dec. 6, 2016) (ALJ erred by omitting "a number of salient and dispositive facts and details when recounting [the claimant's] activity level."). An ALJ also errs by discrediting a claimant's testimony because of purported inconsistencies with her activities when the activities reported, performed in the manner described, are consistent with the claimant's pain-related impairments. *Garrison*, 759 F.3d at 1016 ("We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.").

Here, the ALJ committed both of these errors. The ALJ stated that claimant drives, AR 20, but he failed to state that she can only drive for a half hour before needing to stop, AR 90; he stated that she grocery shops, but he failed to note that she uses the battery-operated shopping carts (the ones customers sit in) or else must cut her trips short, AR 90, 149, and that her son and husband help her with errands, AR 147; he stated that she prepares her own meals, but failed to state that she does this only three times a week and otherwise requires help from her sister-in-law, AR 146, 148; and he stated that she does laundry, cleans the toilet, goes out alone, handles her finances, plays Bingo, watches television, does puzzles, crochets, plays card, goes out to breakfast, watches her grandchildren play soccer, "can do all household chores," and climbs the stairs in her son's house while holding the railing. AR 20, 418. He failed to state that she is unable to carry the laundry to and from the machines, AR 148; that she had help from her husband, son, or sister-in-law for "doing the bathrooms" and the floors, AR 90; that she needs help doing any chore that requires "standing too long," AR 148; that she has been "unable to go to Bingo frequently due to [the] pain of sitting long [with her] legs down, AR 150; that she sometimes misses her grandchildren's soccer games due to pain and fatigue, AR 151; that she climbs the fourteen steps in her son's home once a week while holding the railing because of the knee pain she experiences

5

during the climb, AR 418; that she is "unable to walk without assistance," AR 144; that she can only walk about 50 feet before experiencing pain, AR 144, 443; that she must sit with her legs elevated to avoid swelling, AR 144; that she cannot sit for longer than 15 minutes, AR 443, 488; and that she is sometimes unable to get to the bathroom in time if no assistance is available to help her get up out of her chair, AR 145. The ALJ ignored Claimant's reports of limitations and the assistance she requires associated with her daily activities. This was error. Additionally, the ALJ incorrectly concluded that Claimant's activities, performed in the manner she described, are not consistent with her reported symptoms and limitations. This, too, was error.[4]

The court's determination that the ALJ erred by improperly rejecting Claimant's testimony supports its conclusion that the ALJ further erred by improperly giving less weight to the opinion of the treating doctor. While it is true, as the Commissioner argues, that an "ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible," *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), this does not apply here, as Claimant's testimony was *improperly* discounted. The Commissioner further concedes that the ALJ erred by requiring the treating doctor to provide objective clinical or diagnostic findings to support the functional assessment contained in his fibromyalgia questionnaire, as fibromyalgia is "diagnosed entirely on the basis of patients' reports of pain and other symptoms." *Benecke*, 379 F.3d at 590.

Finally, the Commissioner argues that the non-treating, non-examining state agency physicians may be substantial evidence supporting an ALJ's rejection of a treating physician's opinion. But the Ninth Circuit has held that "[t]he opinion of a nonexamining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999). As the ALJ improperly disbelieved Claimant's testimony, and as his requiring

---

[4] The cases cited by the Commissioner for the proposition that Claimant's reported daily activities amount to substantial evidence that she is not disabled do not apply here. In *Mayes v. Massanari*, the court was not dealing with a credibility determination, and there was neither medical evidence nor evidence from other witnesses to indicate that the claimant was unable to work. 276 F.3d 453, 461 (9th Cir. 2001). In *Stubbs-Danielson v. Astrue*, there was no indication that the ALJ had mischaracterized the claimant's activity report. 539 F.3d 1169, 1175 (9th Cir. 2008).

objective findings to support the functional assessment was improper in relation to fibromyalgia, the only basis remaining for discrediting the treating doctor's opinion was the opinion of a reviewing physician. As this opinion alone cannot constitute substantial evidence, the court did not err in determining that the ALJ improperly discredited the treating doctor's opinion.

The analysis above addresses the first step of the credit-as-true analysis—whether the ALJ erred.[5] The second step of the credit-as-true analysis is at the core of the Commissioner's motion. In this step, the court—*without* crediting the Claimant's testimony as true—assesses whether there are outstanding issues in the record requiring resolution. The inquiry here is whether the record raises "crucial questions" about the Claimant's disability or lack thereof that could be answered with further proceedings.

After a second review of the record, the court determines that there are no crucial questions or outstanding issues remaining. The Commissioner argues that outstanding issues are created by the inconsistencies between Claimant's testimony about her pain and symptoms on one hand and the reports of her activity levels on the other, as well as by the opinions of the reviewing physicians. But the court explained above that Claimant's testimony, viewed properly, is consistent with her reported activities. It also establishes her inability to work, as both the treating physician and vocational expert concluded. Additionally, the treating physician's opinion (specifically, that Claimant met all the criteria for fibromyalgia, and that her pain would prevent her from working, AR 486-490) is entitled to greater weight than the opinions of the reviewing physicians. In light of these determinations, the record, viewed as a whole, does not contain outstanding issues or create crucial questions for which additional administrative proceedings are necessary. In reaching this conclusion, the court does not accept Claimant's testimony as true, but merely considers the record as a whole, affording the evidence contained therein its proper weight.

In the third step of the credit-as-true analysis, the court determines whether the ALJ would be required to find the claimant disabled if the improperly discredited evidence were credited as

---

[5] The analysis also addresses the Commissioner's second claim of legal error. In determining that the ALJ improperly gave less weight to the treating physician, the court rejects the Commissioner's argument that this same conclusion in its prior order was erroneous.

true. In this case, the testimony of Claimant, combined with the opinion of her treating physician, and the opinion of the vocational expert, must lead to the conclusion that Claimant cannot perform not only her past work, but also other work.

Even when the three elements of the credit-as-true doctrine are satisfied, the court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Treichler v. Colvin*, 775 F.3d 1090, 1102 (9th Cir. 2014). Having reviewed the record twice, the court concludes that no such doubt exists here.

## CONCLUSION

The court has reviewed the record and carefully followed *Treichler*. The court has come to the same conclusion it reached in its prior order. The record establishes Claimant's disability, there are no outstanding issues to resolve and no serious doubt that the Claimant is disabled, and further administrative proceedings would not be helpful. Under these circumstances, remand for payment of benefits is appropriate. The Commissioner's motion to alter or amend the judgment is denied.

## PLAINTIFF'S MOTION FOR ATTORNEY FEES

Plaintiff had previously filed a motion for attorney fees. Dkt. No. 29. In light of the Commissioner's motion to alter or amend judgment (and on her motion to strike the fees motion, Dkt. No. 30), the court had concluded that the fees motion was not yet ripe and issued an order holding it in abeyance. Dkt. No. 34. The Plaintiff's motion for attorney's fees is no longer held in abeyance. If the Commissioner wishes to oppose that motion on its merits, she may have fourteen days from the date of this order to do so. Plaintiff may file a reply within fourteen days after the deadline for the Commissioner's opposition.

**IT IS SO ORDERED.**

Dated: 4/14/2017

HOWARD R. LLOYD
United States Magistrate Judge